UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH RAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00076-JPH-DML |
| | ) |
| DANIEL GABRESILASSIE RN, in his individual and official capacities, *et al.*, | ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR CLARIFICATION**

After being arrested on an open warrant, Sarah Rayne spent the weekend in jail. She brought this action under 42 U.S.C. § 1983, alleging in part that Medical Defendants[1] provided her unconstitutionally deficient medical care while in the jail. *See* dkt. 50. Medical Defendants moved for summary judgment, which the Court granted in part and denied in part. Dkt. 169. As to Nurse Cyrilene Jones, one of the Medical Defendants, the Court denied summary judgment. *Id.* at 7–8, 18–20. Nurse Jones has filed a motion to clarify which of her interactions with Ms. Rayne "will be at issue at trial." Dkt. 170.

Nurse Jones interacted with Ms. Rayne twice. On Sunday, March 12, 2017, Nurse Jones cleaned a wound on Ms. Rayne's head and took her vital signs, which were normal. *Id.* at 7. Ms. Rayne complained of shoulder pain,

---

[1] The Medical Defendants are nurses Amber Allen, Teresa Pierce, La Quetta Hubbard, Daniel Gebresilassie, Brian Carter, Cyrilene Jones, and Jamie Marble; Nurse Practitioner Cheryl Petty; and Dr. Bryan Buller.

1

but Nurse Jones saw no signs of infection except slight swelling. *Id.* She called the on-call nurse practitioner, Cheryl Petty, who told Nurse Jones to give Ms. Rayne ibuprofen and wait for x-ray results. *See id.* at 7–8. The next day, Monday, March 13, Ms. Rayne again complained about her shoulder, but "Nurse Jones did not conduct any further assessment." *Id.* at 9. The Court denied summary judgment because Nurse Jones did not take any action despite Ms. Rayne's severe pain, so "a reasonable jury could find that [her] decisions were objectively unreasonable and made purposefully, knowingly, or perhaps even recklessly." *Id.* at 18–19.

The Court also explained that it "does not assess whether Nurse Jones' treatment of Ms. Rayne, made in accordance with Nurse Petty's order, was objectively reasonable." *Id.* at 18 n.6. Nurse Jones has filed a motion to clarify whether her interaction with Ms. Rayne on Sunday, March 12 "will be at issue at trial and/or whether Ms. Rayne will be entitled to seek damages associated with that interaction." Dkt. 170. Ms. Rayne has filed a response in opposition, arguing that Nurse Jones is seeking a second bite at the summary-judgment apple and "requesting that this Court limit the presentation of evidence to the trier of fact." Dkt. 174.

Medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject to the objective reasonableness standard set forth in *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2468 (2015). *See Miranda v. Cty. of Lake*, 900 F.3d 335, 351–52 (7th Cir. 2018). The Court first considers the intentionality of the defendants' conduct, asking whether defendants "acted

purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case." *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda*, 900 F.3d at 353). The Court then considers whether the conduct was objectively reasonable. *Id.* (citing *Miranda*, 900 F.3d at 354). This requires the Court "to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.*

However, "[a]s a matter of professional conduct, nurses may generally defer to instructions" from supervising medical professionals. *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1075 (7th Cir. 2012). Here, the undisputed designated evidence shows that Nurse Jones followed Nurse Practitioner Petty's instructions on Sunday, March 12, 2017, which included giving pain medicine in response to Ms. Rayne's complaint of shoulder pain. *See* dkt. 169 at 7–8. Since the only sign of infection that Nurse Jones saw at that time was slight swelling, *see id.*, she did not give "blind or unthinking" deference to Nurse Practitioner Petty, and it was not "apparent that [the] order w[ould] likely harm the patient," *Holloway*, 700 F.3d at 1075. Therefore, for Nurse Jones' interaction with Ms. Rayne on Sunday, March 12, no reasonable jury could find that Nurse Jones acted unreasonably. *See id.* at 1075–76.

Nurse Jones' motion for clarification is therefore **GRANTED**, and the Court clarifies that she is **GRANTED** summary judgment on only medical-care

claims for her conduct on Sunday, March 12, 2017. Dkt. [170].[2] The Court does not address whether evidence of Nurse Jones' interactions with Ms. Rayne on that day is admissible at trial.

**SO ORDERED.**

Date: 12/8/2020

                                            James Patrick Hanlon
                                            United States District Judge
                                            Southern District of Indiana

Distribution:

Brandon Carothers
INDIANA ATTORNEY GENERAL
bcarothers@atg.in.gov

Andrea Lynn Ciobanu
CIOBANU LAW, PC
aciobanu@ciobanulaw.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL ATTORNEYS
drew@bleekedilloncrandall.com

Tara Lynn Gerber
City of Indianapolis
tara.gerber@indy.gov

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

---

[2] Ms. Rayne offers no citation to support her argument that it "would simply be improper for a subsequent order of summary judgment to be entered in Nurse Jones' favor, however limited, after this Court already found that there was a dispute of material fact." Dkt. 174 at 2. Moreover, this order merely clarifies the extent of the disputed facts identified in the prior summary judgment order.