UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH RAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00076-JPH-DML |
| | ) |
| WILLIAM GANNON in his individual capacity, | ) |
| JOHN LAYTON Sheriff, in his official capacity, *et al.* | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTIONS FOR PARTIAL FINAL JUDGMENT**

After the Court granted summary judgment to Defendants William Gannon and John Layton, dkt. 169, they each moved for the entry of partial final judgment in their favor under Federal Rule of Civil Procedure 54(b), dkt. [171]; dkt. [175]. For the reasons below, Trooper Gannon's motion is **GRANTED** and Sheriff Layton's motion is **DENIED**.

**I.
Facts and Background**

The facts below are summarized from the Court's order granting summary judgment to Sheriff Layton and Trooper Gannon. Dkt. 169.

On Friday, March 10, 2017, Trooper William Gannon found Ms. Rayne standing on the shoulder of the interstate, shoeless and crying. Dkt. 118-47 at 17, 19 (Gannon Dep. at 17, 19). Trooper Gannon discovered that there was an open warrant for her arrest, so he handcuffed her and took her to the Marion County Jail (the "Jail"). *Id.* at 23, 26 (Gannon Dep. at 23, 26). On the way to

1

the Jail, Ms. Rayne mentioned that her shoulder hurt. *Id.* at 27–29 (Gannon Dep. at 27–29). Trooper Gannon asked her several times if she needed an ambulance or wanted to go to the hospital, but she declined. *Id.* at 30–31 (Gannon Dep. at 30–31). He also asked her if she wanted him to handcuff her with two linked sets of handcuffs, but she declined that offer as well. *Id.* at 30 (Gannon Dep. at 30).

When they arrived at the Jail, Trooper Gannon removed the handcuffs and informed Jail staff that Ms. Rayne was complaining of shoulder pain. *Id.* at 32, 42–43 (Gannon Dep. at 32, 42–43). He then left, knowing that the Jail had medical staff onsite for evaluating inmates. *Id.*

Over the next three days, multiple nurses saw and examined Ms. Rayne. *See* dkt. 169 at 3–10. She continued to complain of shoulder pain and was given ibuprofen and scheduled for an x-ray for the following Monday, March 13. *See id.* Before the x-ray, however, Ms. Rayne was transferred to the Marion County Community Corrections facility. *See id.* at 9. An employee there noticed that Ms. Rayne's arm was swollen and red and called an ambulance. *See id.* At the hospital, Ms. Rayne was diagnosed with and treated for a serious MRSA infection. *See id.* at 10.

Ms. Rayne brought this lawsuit, alleging (1) unconstitutionally deficient medical care and (2) that Sheriff Layton is liable under *Monell* because his jail policies and failure to train jail employees caused her injuries. *See id.* at 12, 23. Defendants—Trooper Gannon, Sheriff Layton, and the Medical Defendants at the jail—moved for summary judgment. *See id.* The Court granted

summary judgment for Trooper Gannon and Sheriff Layton and granted in part and denied in part summary judgment for the Medical Defendants. *See id.* at 28. Trooper Gannon and Sheriff Layton have moved for the entry of partial final judgment in their favor under Federal Rule of Civil Procedure 54(b). Dkt. [171]; dkt. [175].

## II.
## Applicable Law

"Generally, if an action involves either multiple parties or one party with multiple claims," an order dismissing only some parties or claims is not "final" and is therefore not appealable. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 186 (7th Cir. 2011). Federal Rule of Civil Procedure 54(b), "however, empowers a district court to direct entry of a final judgment as to one or more, but fewer than all, claims or parties." *Id.* Such a partial final judgment may be entered "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

## III.
## Analysis

"A proper Rule 54(b) order requires the district court to make two determinations: (1) that the order in question was truly a 'final judgment,' and (2) that there is no just reason to delay the appeal of the claim that was 'finally' decided." *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011).

### A. Trooper Gannon

Trooper Gannon argues that partial final judgment should enter because the claim against him has been resolved and is distinct from the remaining claims against the Medical Defendants. Dkt. 175. Ms. Rayne responds that her claim against Trooper Gannon overlaps with the remaining claims because she alleges that he "caused many of her injuries, including those . . . which [Medical] Defendants subsequently failed to properly treat." Dkt. 177 at 2.

Here, Ms. Rayne's claim against Trooper Gannon has been "'finally' decided," *Gen. Ins.*, 644 F.3d at 379, because the summary judgment order concluded that no reasonable jury could find that he "purposefully, knowingly, or recklessly disregard[ed] any risk of harm to Ms. Rayne by taking her to the Jail instead of forcing her to go to a hospital against her wishes," dkt. 169 at 22.

There is also no just reason for delaying the entry of judgment. The facts relevant to Trooper Gannon's liability ended when Ms. Rayne arrived at the Jail. *See* dkt. 169 at 3. After that point, Ms. Rayne was only under the Medical Defendants' care. *See id.* Because of that clear break between Trooper Gannon's actions and the Medical Defendants' actions, this claim is "truly separate and distinct from those that remain pending," "having minimal factual overlap." *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 939 (7th Cir. 2005). The overlap that Ms. Rayne alleges—that Trooper Gannon exacerbated the injuries that the Medical Defendants "failed to properly treat," dkt. 177 at 2—is at most the type of "slight" overlap that does not prevent a partial final judgment.

4

*Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997) (overlap "limited to the bare bones of the relationship between" parties "is not fatal" to a partial final judgment).

Partial final judgment for Trooper Gannon is therefore appropriate.

**B. Sheriff Layton**

Sheriff Layton argues that partial final judgment should enter because the claim against him is unrelated to the claims against the Medical Defendants. Dkt. 171. Ms. Rayne responds that the claims overlap because her *Monell* claim against Sheriff Layton involves policies and training relevant to the medical care at issue for the claims against the Medical Defendants. Dkt. 172 at 2–3.

For a partial final judgment to be appropriate, the claim against Sheriff Layton must be "separate" from the claims against the Medical Defendants. *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008). "At a minimum, claims cannot be separate unless separate recovery is possible," so "mere variations of legal theory do not constitute separate claims." *Id.* "The scope of Rule 54(b) must therefore be confined to situations where one of multiple claims is fully adjudicated—to spare the court of appeals from having to keep relearning the facts of a case on successive appeals." *Id.*

That standard is not met here. Sheriff Layton was granted summary judgment on Ms. Rayne's *Monell* claims that his policies and failure to train his employees caused her injuries. *See* dkt. 169 at 24–28. For the remaining

5

claims against the Medical Defendants, a jury must decide whether the medical care that Ms. Rayne received at the Marion County Jail was unconstitutionally deficient and, if so, whether she is entitled to damages. *See* dkt. 169 at 20. If she is not entitled to damages from the Medical Defendants, then she would have no damages to recover from Sheriff Layton on her *Monell* liability claims, regardless of whether he could otherwise be liable based on his policies or training. *See Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010) (There can be no *Monell* liability "when there is no underlying constitutional violation by a[n] . . . employee."). That interrelation undermines Sheriff Layton's argument that "the outcome of Plaintiff's claims against the Nurse Defendants is irrelevant to the outcome of her claims against the Sheriff." Dkt. 173 at 3.

      In short, an appeal of Ms. Rayne's *Monell* claim against Sheriff Layton "might be undercut by the resolution of a factual dispute not yet decided by the district court." *VDF FutureCeuticals, Inc. v. Stiefel Labs., Inc.*, 792 F.3d 842, 845 (7th Cir. 2015); *see Marseilles*, 518 F.3d at 464 (claims relying on "different legal theories aimed at the same recovery" are not separable under Rule 54(b)). That is "exactly the type of judicial inefficiency that makes Rule 54(b) partial final judgment improper." *Peerless Network, Inc. v. MCI Comm'ns Servs., Inc.*, 917 F.3d 538, 543 (7th Cir. 2019); *accord Domanus v. Locke Lord LLP*, 847 F.3d 469, 477 (7th Cir. 2017) ("It is not enough to resolve something that is designated as a separate claim, if other aspects of the case involve the same underlying subject matter.").

Partial final judgment for Sheriff Layton is therefore inappropriate.

## IV.
## Conclusion

Trooper Gannon's motion for entry of partial final judgment is **GRANTED**, dkt. [175]; partial final judgment will issue in a separate entry. Sheriff Layton's motion for entry of partial final judgment is **DENIED**. Dkt. [171].

**SO ORDERED.**

Date: 12/8/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Brandon Carothers
INDIANA ATTORNEY GENERAL
bcarothers@atg.in.gov

Andrea Lynn Ciobanu
CIOBANU LAW, PC
aciobanu@ciobanulaw.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL ATTORNEYS
drew@bleekedilloncrandall.com

Tara Lynn Gerber
City of Indianapolis
tara.gerber@indy.gov

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov